## FORDHAM et al. v. BUTANE GAS & EQUIPMENT CO.

### No. 11648.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 11, 1946.

Rehearing Denied Jan. 15, 1947.

Reynolds N. Cate, of San Antonio, for appellants.

House, Mercer & Kaine, of San Antonio, for appellee.

SMITH, Chief Justice.

In the absence of a statement of the case in appellants' brief, we copy the following statement from appellee's brief:

"Sometime during the month of April, 1945, the Appellants moved into a place located on Military Drive in San Antonio, Texas. There was a Butane gas system installed on the property at the time. The Appellants called the Appellee, Butane Gas and Equipment Company, to work on the Butane gas system and asked them to convert the kitchen range from natural gas, which the Appellants had used in Houston, Texas, to Butane; to convert some room heaters to Butane; to check over the water heater to see if it was operating all right; and to hook up the range. About April 9, a man from the Butane Gas and Equipment Company did some work on the Butane system. He told the Appellants that there were some parts needed in the water heater, located in the garage, and said that it would take about ten (10) days to get them. The Appellants told him to order the parts. About six or seven days later the Appellants called the Butane Gas and Equipment Company and advised that they noticed a peculiar odor, it smelled hot and musty, but Appellants did not know whether it was Butane. Whereupon the Appellee's workman told Appellants it would not be necessary to come out, and he didn't go out. A fire occurred on April 19, 1945, burning the garage, kitchen, back porch and roof of the house. At the close of the appellants' evidence, upon motion of the Appellee setting out specific grounds therefor, the Court instructed a verdict in favor of the Appellee."

The basic question is that of whether there was any evidence in the record to warrant the submission of any issue of fact to the jury. Appellants present the case on three points, first, that "there was a question of fact that the gas escaping caused said fire"; second, that the court erred in instructing the jury "because there was evidence that the gas company (the appellee) knew there was leaking gas and failed to remedy the situation after notice, and that the gas company failed to exercise that degree of care commensurate with the dangers incident thereto to the use of such gas"; and third, that the court erred "in instructing the jury and closing the plaintiff's case summarily, inasmuch as it was excepted to at the time by the plaintiff, and it being shown to the court that the plaintiff exercised diligence in attempting to obtain the testimony of his witnesses, and particularly Hollis Watts, the case should be continued."

There is no merit in the first point, for the simple reason that there was no evidence of escaping gas which could have caused the fire, the undisputed testimony showed, and it was conclusively proven, that the gas (Butane) was cut off at the source at the time of the fire, and hence there could have been no gas escaping. Had it been shown by circumstances, or had the evidence warranted presumption, that the fire was or could have been caused by escaping Butane gas, the positive evidence that the Butane gas was cut off at the source at and during the time of the fire, precluded the indulgence of the presumption that gas was escaping, or the overlying presumption that escaping gas caused the fire. There was absolutely nothing to submit to the jury on those issues, and therefore the court correctly directed the verdict.

Nor is there any merit in the second point, which is based upon the presumption, which had no support in the evidence, "that there was leaking gas, or that leaking gas caused the fire, and therefore the rhetorical addition to the second point, "that the gas company failed to exercise that degree of care commensurate with the danger incident thereto to the use of such gas," is without force, and is not supported by any fact or circumstances in evidence. For, as shown above, there is no evidence in the

record of leaking gas, or that appellee knew of leaking gas, or that appellee owed appellants the duty, but failed, to exercise any degree of care in the premises.

There is no merit in appellants' third point, contending that the court erroneously forced a trial of the case. The record shows the court suspended the trial at 3 o'clock one afternoon until 10 o'clock the next morning, to give appellants time to get a certain witness: that at that time appellants' expected witness was not at hand and ready to testify, and appellants so informed the court, but since appellants made no motion to postpone the trial or for continuance, they are not in any position to complain of the court's order to proceed to trial.

There is no merit in the appeal. There is no proof sufficient to go to the jury on the cause of the fire or of any duty on the part of appellee to prevent the fire, or of any duty or negligence on its part in the failure to prevent the fire. The appeal is without merit in the face of the failure of appellants to prove any fact essential to fix any duty or negligence upon appellee.

The judgment is affirmed at the cost of appellants.